BENEFICIAL LOAN ASSOCIATION, PLAINTIFF, v. ROSE A. HILLERY, EXECUTRIX, ETC., DEFENDANT.

Submitted December 2, 1920—Decided April 15, 1921.

1. A subscription contract for the stock of a corporation is supported by a full consideration, that consideration being the delivery to the subscriber of the capital stock subscribed for upon the performance of his agreement to pay the consideration money, and the fact that the stock certificate has not actually been written out in advance of the payments which are required by the subscription to be made is immaterial and does not operate to deprive the company of its right to compel payment of the subscription.

Beneficial Loan Asso. v. Hillery.          95 N. J. L.

2. The holder of a promissory note which comes into his hands after maturity takes it subject to all legal defences which the maker may have against its enforcement, but with that exception his right of recovery is as complete as if he was a holder in due course.

3. The assignment of a promissory note as collateral security for the payment of a debt vests in the assignee the legal title, and, having the legal title, he may sue thereon in his own name and recover the amount due thereon, and his right to do this is not at all affected by the fact that he is under a legal obligation to credit the amount collected by him upon the debt for which the note was assigned as collateral security.

4. A corporation is not bound to tender to a defaulting subscriber the certificate of stock called for by the subscription contract without first receiving payment therefor.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the rule, *Elmer King* and *Harold A. Price*.

*Contra, C. Franklin Wilson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This was an action on a promissory note made by Thomas J. Hillery, the defendant's testator, in his lifetime.   The trial resulted in the direction of a verdict in favor of the plaintiff for the full amount of the note, with interest.   The question presented for solution by this rule is the propriety of the trial court's action.

The material and undisputed facts are as follows:   On June 4th, 1913, the Continental Banking and Trust Company was organized under the laws of the State of West Virginia. On the 27th of October of that year, Thomas J. Hillery subscribed for ten shares of the capital stock of this corporation, at $120 per share, and at the same time paid $100 on account of his subscription and gave his note for the remaining $1,100.   Following is a copy of the note:

"115 Broadway, New York.

"Oct. 27, 1913.

"For value received, I promise to pay to the order of the Continental Banking & Trust Company, Eleven Hundred and no Dollars, in three equal installments payable respectively in six, twelve and eighteen months from the date hereof with interest at rate of 5% per annum.

"This note when paid, shall be payment of ten shares of the Capital Stock of the Continental Banking & Trust Company, provided the maker hereof shall have made a prior payment of $100 which stock shall be held by said Company until this note is so paid in full; at which time said stock is to be delivered to the maker hereof.

"Failure to pay any installments as provided herein shall at the option of the holder, mature this entire obligation; at which time the holder thereof shall have the option, privilege and authority to sell the stock issued or to be issued by reason of the execution of this obligation at either public or private sale; the proceeds of said sale to be applied to the payment of this note and the remainder of the proceeds, if any, shall be returned to the maker less the expenses of sale of said stock.

"THOMAS J. HILLERY,

"Boonton, N. J."

In December, 1916, the Continental Banking and Trust Company, having become financially embarrassed, sought to obtain a loan from the plaintiff corporation in order to tide it over its difficulties, offering to deposit with that company as collateral for the intended loan, certain securities which it held, among which was the Hillery note and the certificate of the shares of stock for which the note was given. Favorable action was taken by the directors of the plaintiff corporation upon the application of the Continental company, and moneys were advanced, amounting to over $90,000, within the next two weeks, the Hillery note being endorsed by the Continental company and delivered with the stock, and the other proposed collateral, to the plaintiff. Up to that time

no payments had been made upon the note, nor was anything paid subsequently. The certificate of stock delivered with the Hillery note bears date January 6th, 1917, and that is presumably the date upon which it was actually made out. A few weeks after this transaction was completed between the plaintiff and the Continental company, and early in February, 1917, the latter corporation went into the hands of a receiver.

The first ground upon which we are asked to make this rule absolute is that there was, as counsel contend, a total failure of consideration for the note. The argument is that at the time when the certificate was signed, the money for the payment of the stock was not in the hands of the Continental company, and that therefore the legal possession of the stock could not pass, and that this legal situation continued until the company went into the hands of a receiver, so that neither at the time of the institution of the suit nor at the trial was the equivalent for the note in the hands of the company, or later of its receiver, for delivery. We are unable to perceive the force of this contention, or its bearing upon the question of defendant's liability. By the terms of the subscription contract, as exhibited in the note, Mr. Hillery promised to pay the purchase price of the stock in three equal installments, payable in six, twelve and eighteen months from the date of the subscription. His failure to comply with the terms of his contract entitled the Continental company, when the several breaches occurred, to collect the money due on it by suit. The contract expressly provided that the stock should not be delivered to Hillery until the payments were made, but should remain in the possession of the company with the right to sell it and apply the proceeds of the sale in payment of the note in case of default by Mr. Hillery in meeting the installments thereon as they fell due. The fact that it had not actually written out the stock certificate in advance of the payments which were required to be made is, in our opinion, immaterial, and did not operate to deprive the company of its right to compel payment of the subscription. The last payment on the note was due on the 27th

of April, 1914, and on that date the Continental company's right of action against the maker for the whole amount of the note became fixed. It seems hardly necessary to add that a subscription contract for the stock of a corporation is supported by a full consideration, that consideration being the delivery to the subscriber of the capital stock subscribed for upon the performance of this agreement to pay the consideration money. *Cook Stock & Stockh.*, § 69, and cases cited.

Next, it is argued that the rule should be made absolute because the plaintiff was not a holder of the note in due course, not having acquired it before maturity and in good faith. It is true that the plaintiff is not a holder in due course within the meaning of the statutory definition, in that it did not acquire the instrument before maturity; but that fact is entirely immaterial in determining the plaintiff's right. The holder of a promissory note which comes into his hands after maturity takes it subject to all legal defences which the maker may have against its enforcement, but with that exception his right of recovery is as complete as if he was a holder in due course. The theory of counsel upon this point seems to be that, because at the time when this suit was begun neither the Continental company nor the present plaintiff could perform its part of the contract by delivering the certificate of stock to Mr. Hillery's representative, the present defendant, the consideration of the note had failed; but this contention, we think, is sound neither in fact nor in law. The certificate was outstanding and in the hands of the plaintiff at the time the suit was brought. On January 6th, 1917, the date of the actual writing of the certificate, the Continental company had a full right to deliver the stock to Mr. Hillery upon receiving from him the purchase price, and the fact that it was at that time in financial difficulty imposed no limitation upon that right. This being so, the delivery of the stock would have vested Mr. Hillery with the same rights and powers that any other stockholder of the corporation had. By the transfer of the stock and the note to the plaintiff that corporation stood in the shoes of the Continental company and was clothed with full right to

deliver the certificate to Mr. Hillery upon the payment of the note. The assertion that the plaintiff did not acquire the note in good faith is entirely unsupported by the proofs in the case. The defendant, therefore, can take nothing by this contention.

Next, it is said that the note was never negotiated to the plaintiff so as to enable it to bring suit thereon in its own name; the reason being that it received the instrument merely as collateral for the purpose of collection, and that consequently it was a mere agent of the Continental company in the transaction and never was the owner of the note. This contention is without legal support. It is entirely settled that the assignment of a promissory note as collateral security for the payment of a debt vests in the assignee the legal title, and that, having the legal title, he may sue thereon in his own name and recover the amount due thereon; and his right to do this is not at all affected by the fact that he is under a legal obligation to credit the amount collected by him upon the debt for which the note was assigned as collateral security. This principle is so well settled that the citation of authorities would be superfluous.

Lastly, it is insisted that the right of the plaintiff to bring suit on this note did not accrue until after it had tendered to Mr. Hillery or his representative the stock for the payment of which this note was given. No authority is cited for this contention, nor is any argument made in support of it. Without the aid of counsel we are unable to perceive on what theory a corporation is bound to tender to a defaulting subscriber the certificate of stock called for by the subscription contract without first receiving payment therefor.

For the reasons given, we conclude that the action of the trial court in directing a verdict for the plaintiff was entirely justified, and the rule to show cause will therefore be discharged.